STONE & Others *v.* NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

A State statute providing that a railroad company may receive for transporting, carrying and telegraphing, such tolls and charges as might from time to time be established, fixed and regulated by the directors, and that the act should be construed liberally so as to favor its purposes and objects, *provided,* that nothing in it should be construed as preventing the legislature from regulating the rates of transportation for passengers and freight over the road, and *provided further,* that there should be no discrimination in favor of any road, does not deprive the State of its power, within the limits of its general authority, as controlled by the Constitution of the United States, to act upon the reasonableness of the tolls and charges so established, fixed and regulated. Subsequent legislation by the State fixing a maximum rate for other railroads does not apply to this road by virtue of the proviso as to discrimination.

RAILROAD COMMISSION CASES. 353

Argument for.Appellee in .Stone *v*. N. O. & N. E. Railroad Co.

Like the last two cases, this was a suit in equity to enjoin the Railroad Commissioners, and was heard with those cases. The facts which make the case are stated in the opinion of the court. The case was argued with *Stone* v. *Farmers' Loan & Trust Co.*, *ante*, 307, and *Stone* v. *Illinois Central Railroad Co.*; *ante*, 347, substantially the same questions being involved in the three cases.

*Mr. John W. C. Watson* for appellants.

*Mr. George Hoadly*, *Mr. Edgar M. Johnson*, *Mr. Edward Colston*, and *Mr. W. L. Nugent* for appellee. In addition to the general line of argument in *Stone* v. *Farmers' Loan and Trust Co.*, they presented the following facts as specially applicable to the railroad for which they appeared.

· The appellee, the New Orleans and Northeastern Railroad Company, is a corporation chartered by the State of Louisiana by various act of the legislature of said State, to build and construct a railroad; and the appellee was, by an act of the legislature of Mississippi of March 30, 1871, empowered to construct a railroad from New Orleans, Louisiana, to Meridian, Mississippi, which it has since constructed as empowered in this act. By said act it was further empowered to fix its own rates of fares and freight subject to the following proviso :

" Provided that nothing contained in the charters shall be so construed as to prevent the legislature from regulating the rate of transportation for passage and freight over the same in the State; provided, further, that there shall be no discrimination in favor of any road."

This act containing no power to amend, alter, or repeal, and subject to no such power, was accepted by the company and acted upon; and, until the passage of the act complained of, the appellee had at all times exercised the power to fix its own charges.

The appellee is engaged in the transportation of persons and property as part of a through line between the States of Louisiana, Mississippi, Alabama, Georgia, Tennessee, Kentucky, Ohio, and many others, and is engaged in commerce among the several States.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit brought by the New Orleans and Northeastern Railroad Company to enjoin the railroad commission from enforcing the railroad supervision law of Mississippi against that company. It differs from the cases of *Stone* v. *Farmers' Loan and Trust Company*, *ante*, 307, and *Stone* v. *Illinois Central Railroad Company*, *ante*, 347, already decided, only in the charter provisions on which the claim of a contract exemption from legislative control as to fares and freights is made. These are as follows:

"SEC. 4. Be it further enacted, That said company is hereby authorized and empowered to transport, carry, and convey persons and property on said railroad; to build and maintain a line of magnetic telegraph, and to operate the same along the line of said railroad, and to receive for such transportation, carrying, conveying, and telegraphing, such tolls and charges as shall be from time to time established, fixed, and regulated by the directors of said railroad company."

"SEC. 18. Be it further enacted, That whenever any number of stockholders, representing three-fourths of the stock now subscribed to said railroad company, shall accept the powers, privileges, and franchises contained in the preceding sections of this act, the said company shall avail themselves of the benefit thereof, and that this act shall be liberally and favorably construed, so as to favor all the purposes and objects of the same and the operation of the provisions thereof; *Provided*, That nothing contained in the charter shall be so construed as to prevent the legislature from regulating the rate of transportation for passage and freight over the same in this State; *Provided further*, That there shall be no discrimination in favor of any road."

On their face and under the rulings in the other cases these sections show no such contract. It is averred in the bill, however, and admitted by the demurrer, that in 1882 the State granted charters to six other railroad companies, in each of which a maximum of rates was fixed. After setting forth the special provisions of the charters in this particular, the bill proceeds as follows:

" And your orator is therefore advised, believes, and charges, that, as the said legislature, by the proviso to the 18th section of the said act of March 30th, 1871, reserved to itself the right ' to regulate the rate of transportation for passage and freight ' on your orator's road in said State of Mississippi, but only upon condition and with the limitation that in and by such act of regulation there should be no discrimination in favor of any road in said State, and against your orator, the charter clause above referred to becomes and is integrated into, and forms part of, your orator's said charter, and the legislature having thus exercised and exhausted its power of regulating tariffs in respect to the several railroad companies above set out, is by the terms of your orator's charter precluded from making any other or different system for regulating your orator's tariff in said State, or devising any other tariff of charges for it, else your orator would be discriminated against contrary to the true intent and meaning of the last proviso to section 18th of said act of March 30th, 1871."

To this we cannot agree. The provision in the charter of the New Orleans and Northeastern Company, that in fixing rates there shall be no discrimination in favor of any other road, does not bring into that charter the rate clauses in the charters of the new companies. It will undoubtedly be the duty of the commissioners when fixing the tariff for this company to see that there is no such discrimination as is provided against. Whether in doing so it will be necessary to have regard to the rates allowed by the later charters, is not a question in this case.

*The decree of the Circuit Court is reversed on the authority of Stone* v. *The Farmers' Loan and Trust Co., and the cause remanded, with instructions to dismiss the bill.*

MR. JUSTICE HARLAN, with whom concurred MR. JUSTICE FIELD, dissenting.

It seems clear that the power reserved to the legislature of regulating rates of transportation for passengers and freight over the road of the complainant is subject to the condition that there shall be no discrimination against it in favor of any

other company. In other words, the complainant has a contract with the State that protects it against such discrimination in the matter of rates. If this were not so, it could not well be the duty of the railroad commission, as the court declares, to see that the discrimination provided against by the company's charter did not exist.

Adhering to the general views expressed by me in the preceding cases, I dissent from the opinion and judgment in this case.

MR. JUSTICE FIELD concurs in this dissent.

MR. JUSTICE BLATCHFORD did not sit in this case or take any part in its decision.